# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| Plaintiff | * |
| v. | * CRIMINAL NO. JKB-13-0457 |
| | CIVIL NO. JKB-17-2412 |
| ROBERT M. FELDMAN | * |
| Defendant | * |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Now pending before the Court is the Defendant's MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255 AND REQUEST FOR APPOINTMENT OF COUNSEL (ECF No. 68). The Government has responded (ECF No. 71). The Defendant contends that he received ineffective assistance of counsel in violation of the Sixth Amendment during the sentencing phase of his case.

To prevail, the Defendant must satisfy the two components of an ineffective assistance claim articulated in *Strickland v. Washington*: he "must show that counsel's performance was deficient, and that the deficiency prejudiced the defense." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). To establish deficiency, the Defendant must identify acts demonstrating that his "counsel's representation 'fell below an objective standard of reasonableness'" *id*. (quoting *Strickland*, 466 U.S. at 688). Although "judicial scrutiny" is "highly deferential," counsel's performance will be found to be deficient if "in light of all of the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 689-90. Merely proving that

counsel's performance was deficient, however, is not sufficient to secure relief. A defendant also must establish prejudice by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

The Defendant's complaint about his lawyer's performance is well taken in that counsel's failure to identify and argue the correct sentencing guideline range fell below an objectively reasonable standard. The determination of the proper offense level here did not depend upon a disputed legal issue, but was clear from "the plain language of the guideline provision." *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999). Further, there is no basis to find that counsel's failure to alert the Court constituted a strategic decision. Accordingly, the performance of the Defendant's lawyer at sentencing was deficient.

"To demonstrate prejudice at the sentencing stage, a defendant must show that, but for counsel's deficient performance, there was at least a reasonable probability of a different sentence." *Aylor v. United States*, Civil No. PJM-10-1469, 2011 W.L. 2118694, at *4 (D. Md. May 27, 2011). The Defendant need not establish that the difference in sentence would have been "so significant as to render the outcome of sentencing unreliable or fundamentally unfair;" any amount of actual jail time has Sixth Amendment significance. *Glover v. United States*, 531 U.S. 198, 203 (2001). The Defendant has not demonstrated, however, a reasonable probability he would have received a different sentence had his sentencing guidelines been correctly computed by his lawyer. While he was sentenced at the bottom of a particular advisory guideline range, the guidelines are not mandatory, and the advisory range is only one factor a Court must consider under 18 U.S.C. § 3553(a) in imposing a reasonable sentence. In this case the Court explained its reliance on several factors beyond the guidelines range, with particular

reference to the scale and magnitude of the fraud. While there is a remote possibility that the sentence imposed might have been different had counsel argued the correct guidelines range, the Court cannot conclude that this was a likely outcome, or even a reasonably probable one. Accordingly, the Defendant has failed to satisfy the prejudice prong of *Strickland*.[1]

For the reasons set out above, the Defendant's MOTION (ECF No. 68) is DENIED.[2]

A certificate of appealability for a ruling on a motion under § 2255 will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the District Court denies relief on the merits, a prisoner satisfies the standard by demonstrating that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-89 (2003). The Defendant has not made this showing and a certificate of appealability will not be issued by this Court.

DATED this 21st day of November, 2017.

BY THE COURT:

_____/s/_____
James K. Bredar
Chief Judge

---

[1] *See*, generally, *Branford v. United States*, Civil No. CCB-10-3480, 2012 WL 4470272, at *1, 3 (D. Md. Sept. 25, 2012), aff'd on other grounds 389 F. App'x 310, 311 (2012) (unpublished).

[2] The Defendant also requests that counsel be appointed to represent him in relation to this claim, but he has no constitutional right to counsel at this stage and the Court concludes that he has adequately presented his points and authorities without the assistance of a lawyer. Thus, his request that counsel be appointed is also DENIED.